UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                                        No. 00-4893

KENNETH R. HENSLEY,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-00-24)

Submitted: May 31, 2001

Decided: July 27, 2001

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

David L. Scyphers, SCYPHERS & AUSTIN, P.C., Abingdon, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

A jury convicted Kenneth R. Hensley of perjury, in violation of 18 U.S.C.A. § 1623 (West 2000). On appeal, Hensley challenges the district court's instructions to the jury and the sufficiency of the evidence. We affirm.

Hensley first argues on appeal that the district court erred in instructing the jury on the ground that the instructions assumed Hensley's testimony was false rather than requiring the jury to find that element of the offense. We have reviewed the parties' briefs, the joint appendix, and the court's instructions. Reading the record as a whole, *United States v. Ellis*, 121 F.3d 908, 923 (4th Cir. 1997), we find no error, plain or otherwise. *United States v. Strickland*, 245 F.3d 368, 376 (4th Cir. 2001) (stating standard of review).

Hensley also challenges his conviction on the ground that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. To prove a violation of § 1623, the Government must prove that Hensley testified under oath in a proceeding before a court and knowingly made a false statement that was material to the proceeding. *United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998). Our de novo review of the record leads us to conclude that the evidence was sufficient. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001) (stating standard of review); *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc) (providing standard to review sufficiency of evidence). To the extent that Hensley challenges a Government witness' testimony as being uncertain, we do not review the credibility of the witnesses and "'assume that the jury resolved all contradictions [in the testimony] . . . in favor of the Government.'" *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998) (quoting *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993)). Thus, the district court did not err in denying Hensley's Rule 29 motion.

Accordingly, we affirm Hensley's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

*AFFIRMED*