UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALBERT F. MORRISON,
*Defendant-Appellant.*

No. 01-4235

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-00-10089)

Submitted: August 20, 2001

Decided: September 11, 2001

Before WILKINS, LUTTIG, TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

John P. Bradwell, SHORTRIDGE & SHORTRIDGE, Norton, Virginia, for Appellant. Ruth E. Plagenhoef, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

A jury convicted Albert F. Morrison of possession of a firearm by a convicted felon. On appeal, he alleges that 18 U.S.C. § 922(g)(1) (1994) is unconstitutional; the evidence was insufficient to support the finding of guilty; the district court erroneously admitted the testimony of an expert witness; and the court erred by departing upward under USSG § 4A1.3, p.s.[1] Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Morrison, a convicted felon, pawned a rifle at a pawn shop in Weber City, Virginia. Morrison claimed that he performed this service for his brother-in-law, who allegedly needed money to buy groceries and to pay bills.[2]

Morrison first alleges that Congress exceeded its authority under the Commerce Clause in enacting § 922(g)(1), relying primarily upon *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000). This claim has been considered and rejected by this court. *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001); *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir.), *cert. denied*, 529 U.S. 1123 (2000).

The only issue at trial was whether the firearm in question traveled in interstate commerce. Morrison alleges that the evidence on this element was insufficient because the Government's expert failed to exclude the possibility that the rifle was manufactured in Virginia. We disagree.

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable

---

[1]*U.S. Sentencing Guidelines Manual* (2000). This section allows the sentencing court to depart upward from the normal sentencing range when the defendant's criminal history category does not adequately reflect the seriousness of his past criminal behavior or the likelihood that he will commit other crimes.

[2]According to the trial testimony, Morrison's brother-in-law did not have a driver's license, which was necessary to complete the transaction.

to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). In the present case, the expert testified that, based on his research and experience, the rifle was manufactured in New Hampshire. He further testified that the manufacturer only had plants in New Hampshire, Connecticut,[3] and Arizona and that, in his sixteen years of experience, he had never come across any information suggesting that the company manufactured firearms in Virginia. It was the jury's responsibility to resolve any conflicts in the testimony, *United States v. Biedler*, 110 F.3d 1064, 1067 (4th Cir. 1997), and the above evidence, if believed by the jury, was sufficient to find that the rifle traveled in interstate commerce.

In a related issue, Morrison claims that the district court should have excluded the expert's testimony because he could not state with one hundred percent certainty that the rifle was not manufactured in Virginia. We review the district court's decision to admit the expert's testimony for abuse of discretion and find none. *Bendi v. McNeil-P.P.C.*, 66 F.3d 1378, 1384 (4th Cir. 1995). As discussed above, the expert testified concerning the location of the manufacturer's plants and that he had never heard of the company having a facility in Virginia, especially at the time this particular rifle was made.[4] Because there was a legitimate basis for the expert's opinion, the district court did not err in admitting his testimony.

We review the district court's decision to depart upward for an abuse of discretion and find none. *United States v. Hairston*, 96 F.3d 102, 105 (4th Cir. 1996). Contrary to Morrison's assertions, his conduct was exactly the type envisioned by the Commission, and we find that the district court properly considered the factors outlined in USSG § 4A1.3, p.s. In addition to the sheer number of criminal history points,[5] the evidence at sentencing showed that Morrison had a long history of serious criminal activity, involving offenses of a similar nature. The district court found that this suggested a greater likeli-

---

[3]Although the company produced firearms at the Connecticut facility many years ago, it no longer does so. The company now uses this location solely as its headquarters.

[4]The rifle was approximately ten years old.

[5]Morrison's thirty-one criminal history points were more than double the number required for Criminal History Category VI.

hood of recidivism. As a result, we find that the record supports the court's decision to depart upward.

We further find that the extent of the departure was reasonable. *United States v. Rusher*, 966 F.2d 868, 884 (4th Cir. 1992). The district court departed upward four levels within Category VI.[6] The court stated that it followed the "approved method" for departing upward, "expressly considered all intervening levels," and found these levels to be "inadequate under the particular circumstances of this particular case." (JA at 67-68). We find that these statements sufficiently comply with *Rusher*.[7]

We therefore affirm Morrison's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[6]The Government requested a five-level increase.

[7]Morrison argues that the district court should have conducted its level-by-level analysis on the record. He cites no cases which impose this requirement, nor could we find any.