UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RAY CHARLES STOVER,
        *Defendant-Appellant.*

No. 01-4426

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-545)

Submitted: December 20, 2001

Decided: January 24, 2002

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

George Harper, Upper Marlboro, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Stuart A. Berman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ray Charles Stover appeals his conviction after a conditional plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). On appeal Stover argues the district court erred in denying his motion to suppress evidence obtained from an allegedly illegal investigatory detention, and asserts that § 922(g)(1) is unconstitutional. Finding no reversible error, we affirm.

We review the district court's findings of fact on a denial of a motion to suppress for clear error and its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). We construe the evidence in the light most favorable to the Government, the prevailing party below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Stover's conviction arose from an incident in which Officer John Davidson executed a traffic stop of a vehicle impeding traffic. During the course of the stop Davidson conducted a pat-down search of Stover and detected a large hard object that he recognized to be a handgun. We have reviewed the parties' briefs and the facts underlying the pat-down search and are satisfied this was an appropriate investigatory detention under *Terry v. Ohio*, 392 U.S. 1 (1968), and Davidson was justified in conducting a pat-down search of Stover. *See United States v. Sakyi*, 160 F.3d 164, 168-69 (4th Cir. 1998); *United States v. Raymond*, 152 F.3d 309, 312 (4th Cir. 1998).

As to Stover's challenge to the constitutionality of 18 U.S.C.A. § 922(g)(1) (West 2000), we have repeatedly upheld the constitutionality of the statute. *United States v. Gallimore*, 247 F.3d 134, 137-38 (4th Cir. 2001); *United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996); *see also Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 337 n.7 (4th Cir. 1996) (noting the court is bound by circuit precedent until it is either overruled en banc or superseded by a Supreme Court decision). We further decline Stover's invitation to re-examine the last sixty years of Commerce Clause jurisprudence. *See Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (stating that

lower courts must follow case law that directly controls unless clearly overruled by subsequent Supreme Court ruling).

We therefore affirm Stover's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*