**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Talton Young GALLIMORE, Jr.,**
**Defendant–Appellant.**

No. 00–4416.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 26, 2001.

Decided April 2, 2001.

---

**ARGUED:** William Stimson Trivette, Assistant Federal Public Defender, Greensboro, NC, for Appellant. Lawrence Patrick Auld, Assistant United States Attorney, Greensboro, NC, for Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, NC, for Appellee.

Before WILKINS, MOTZ, and KING, Circuit Judges.

Affirmed by published opinion. Judge WILKINS wrote the opinion, in which Judge DIANA GRIBBON MOTZ and Judge KING joined.

## OPINION

WILKINS, Circuit Judge:

Talton Young Gallimore, Jr. appeals his conviction for possession of firearms by a convicted felon. *See* 18 U.S.C.A. § 922(g)(1) (West 2000). He contends that the evidence presented by the Government was insufficient regarding the elements of possession and nexus with interstate commerce. We hold that the evidence was sufficient with respect to both of these elements, and we therefore affirm Gallimore's conviction.

### I.

At the time of his arrest, Gallimore lived in Thomasville, North Carolina and operated a furniture business located in a warehouse behind his residence. In February 1999, the Davidson County Sheriff's Office conducted surveillance of this property for two days in connection with an investigation concerning stolen furniture. Gallimore was on the premises most of the time during these two days.

' On February 4, Gallimore was observed leaving Thomasville. The following day, officers executed a search warrant at Gallimore's home and office and seized a rifle and four handguns from a safe in his office, a shotgun from between the television and a chest of drawers in the master bedroom, and a rifle from a closet in the spare bedroom. Gallimore's personal papers— including a birth certificate, a driver's license, and tax documents with Gallimore's name and address on them—were observed in both the office and house. Gallimore was not present during the search, but a woman who apparently resided in Gallimore's house was.

Gallimore was charged with possession of firearms by a convicted felon. At trial, the Government presented evidence of the facts described above, as well as evidence that all seven of the firearms recovered in the search were manufactured outside North Carolina. Gallimore then moved for a judgment of acquittal, contending that there was insufficient evidence to prove that he possessed the firearms found on his property. The district court denied the motion, and the jury returned a verdict of guilty.

### II.

We review the denial of a motion for a judgment of acquittal de novo. *See* *United States v. Romer*, 148 F.3d 359, 364 (4th Cir.1998). If the motion was based on insufficiency of the evidence, the verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

### A.

Gallimore's first claim is that the Government presented insufficient evidence to prove possession beyond a reasonable doubt. Specifically, he asserts that the Government failed to demonstrate that he was ever in the house with the firearms or that he was the only person with access to them. We hold that the evidence was sufficient as to the first issue and that no evidence of the latter issue was required.

"To show a § 922(g)(1) violation, the government must prove three elements: (i) that the defendant was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point." *United States v. Hobbs*, 136 F.3d 384, 390 (4th Cir.1998). Although Gallimore argues to the contrary, § 922(g)(1) does not require proof of actual or exclu-

sive possession; constructive or joint possession is sufficient. *See United States v. Jackson*, 124 F.3d 607, 610 (4th Cir.1997); *United States v. Blue*, 957 F.2d 106, 107 (4th Cir.1992). The Government may prove constructive possession "by demonstrating that the defendant exercised, or had the power to exercise, dominion and control over the item." *Jackson*, 124 F.3d at 610 (internal quotation marks omitted).

Gallimore depends heavily on the fact that no witness at his trial described seeing him in the office or the house. Based on this lack of evidence, he asserts that the Government failed to prove he was ever in the areas where firearms were found. The circumstantial evidence connecting Gallimore to these areas was overwhelming, however. For example, five firearms were found in a safe that also contained a briefcase holding Gallimore's personal papers. The jury could infer from the presence of these papers that Gallimore had access to the safe, particularly in light of testimony that Gallimore was in the vicinity of the safe almost continuously for two days. *Cf. United States v. Jones*, 204 F.3d 541, 543–44 (4th Cir.2000) (upholding a conviction for drug possession based on a brief observation of the defendant in the bedroom where the drugs were found and the discovery of the defendant's personal papers in that room).

While there was overwhelming evidence that Gallimore used the office and at least one of the bedrooms where firearms were found, the evidence that Gallimore and the firearms were present *at the same time* was weaker. Nevertheless, a reasonable jury could infer from the Government's evidence that the firearms were in Gallimore's house and office before he left Thomasville the afternoon preceding the search. First, less than 24 hours elapsed between Gallimore's departure and the search. Second, it did not appear that the firearms had been brought to the house overnight and stowed somewhere temporarily. The firearms were in three diverse locations—one in plain view, one in a closet behind other items, and five locked in a safe; it is unlikely that the woman encountered in Gallimore's house acquired all seven firearms and distributed them around the property in this fashion in under 24 hours. In light of these circumstances, the evidence was sufficient to prove constructive possession.[1] *Cf. Jones*, 204 F.3d at 543–44; *United States v. Lawson*, 682 F.2d 1012, 1017 (D.C.Cir.1982) (upholding conviction for possession of marijuana found in defendant's apartment based on her presence in, and longtime occupancy of, the apartment, even though officers who found marijuana were admitted to the apartment by a codefendant while the defendant was in the bathtub).

### B.

Gallimore's second claim arises from two recent Supreme Court decisions concerning Congress' power to regulate interstate commerce. *See Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000); *United States v. Morrison*, 529

---

1. Gallimore relies heavily on *Blue*. In that case, the defendant was a passenger in an automobile that was stopped by the police. After the officers saw the defendant lean forward as though he were reaching under his seat, they found a firearm in the area where he may have been reaching. *See Blue*, 957 F.2d at 107. We held that this evidence was insufficient to prove that the defendant possessed the firearm. *See id.* at 108. *Blue* offers little guidance here because the two cases are almost diametric opposites. The defendant in *Blue* was present in the car where the firearm was found, but he was merely a passenger and the firearm was hidden. Here, in contrast, although Gallimore was not at his home when firearms were found there, he was a regular occupant and the firearms were in places where he would have seen them.

U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). Gallimore contends that these decisions require proof of a greater nexus between firearms possession and interstate commerce than was demonstrated here. We disagree.[2]

■ Section 922(g) makes it unlawful for people in specified categories "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Under existing circuit precedent, the Government may establish the requisite interstate commerce nexus by showing that a firearm was manufactured outside the state where the defendant possessed it. See United States v. Nathan, 202 F.3d 230, 234 (4th Cir.), cert. denied, 529 U.S. 1123, 120 S.Ct. 1994, 146 L.Ed.2d 819 (2000).

There have been many constitutional challenges to § 922(g) since the Supreme Court decided United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). In Lopez, the Court held that a statute prohibiting possession of a firearm within a school zone exceeded Congress' power under the Commerce Clause because it "neither regulate[d] a commercial activity nor contain[ed] a requirement that the possession be connected in any way to interstate commerce." Lopez, 514 U.S. at 551, 115 S.Ct. 1624. Courts have uniformly held that § 922(g) is constitutional under Lopez because it expressly requires proof of a nexus with interstate commerce. See United States v. Wells, 98 F.3d 808, 811 (4th Cir.1996) (citing cases).

Gallimore's claim differs from these Lopez challenges in two respects. First, he does not seek to invalidate § 922(g), but instead contends that the statute should be reinterpreted to enhance the Government's burden. Second, as noted above, he relies on two post-Lopez decisions rather than on Lopez itself. According to Gallimore, these decisions require the Government to prove that a firearm possessed in violation of § 922(g) was involved in interstate commerce beyond mere transportation across state lines.

We have already rejected similar claims arising under Lopez. See Nathan, 202 F.3d at 234; United States v. Crump, 120 F.3d 462, 466 n. 2 (4th Cir.1997). The two decisions cited by Gallimore, Jones and Morrison, do not undermine our prior holdings. Morrison did not modify the Lopez framework in any manner relevant to this case. See Morrison, 120 S.Ct. at 1749–54. Jones made no constitutional holding whatsoever, but instead construed a federal statute restrictively in order to avoid constitutional doubts. See Jones, 120 S.Ct. at 1911–12. We therefore hold, in accord with every other circuit to consider this issue, that Morrison and Jones do not affect our post-Lopez decisions regarding § 922(g). See United States v. Santiago, 238 F.3d 213, 216–17 (2d Cir. 2001) (per curiam); United States v. Dorris, 236 F.3d 582, 585–86 (10th Cir.2000); United States v. Napier, 233 F.3d 394, 401–02 (6th Cir.2000); United States v. Jones, 231 F.3d 508, 514–15 (9th Cir.2000); United States v. Wesela, 223 F.3d 656, 660 (7th Cir.2000), cert. denied, —— U.S. ——, 121 S.Ct. 1145, 148 L.Ed.2d 1008 (2001).

### III.

For the foregoing reasons, we hold that the evidence was sufficient to sustain Gallimore's conviction for possession of fire-

---

2. In light of our holding on the merits, we do not address the Government's assertion that Gallimore's claim was waived at trial and may be reviewed only for plain error.

arms by a convicted felon. We therefore affirm the judgment of the district court.

*AFFIRMED.*