UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BRANDON PERRY HAMMOND,

*Defendant-Appellant.*

No. 01-4971

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-00-138-MU)

Submitted: July 18, 2002

Decided: July 25, 2002

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Danielle Bess Obiorah, MASON-WATSON, OBIORAH & SINGLE-
TARY, P.C., Charlotte, North Carolina, for Appellant. Gretchen C.F.
Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Char-
lotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Brandon Perry Hammond was convicted of possession of firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), and sentenced to seventy-eight months imprisonment. On appeal, he challenges the sufficiency of the evidence supporting both his conviction and his four-level sentencing enhancement for possessing a firearm in connection with another felony offense, under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000). We affirm.

First, Hammond challenges the sufficiency of the evidence supporting the conclusion that he voluntarily and intentionally possessed the firearms in question. Section 922(g)(1) does not require proof of actual or exclusive possession; constructive or joint possession is sufficient. *United States v. Gallimore*, 247 F.3d 134, 136-37 (4th Cir. 2001). The Government may prove constructive possession by presenting evidence that the defendant exercised, or had the power to exercise, dominion and control over the item. *United States v. Jackson*, 124 F.3d 607, 610 (4th Cir. 1997).

At trial, officers testified that Hammond admitted that the guns were in his possession. Indeed, one of the guns was found underneath Hammond's bed. Further, while speaking on the telephone during the search of the residence, Hammond acknowledged his familiarity with the guns. In addition, several months later, Hammond admitted to a police officer that the guns were his and that they had previously belonged to his now-deceased father. Based on this testimony, any reasonable jury could have found that Hammond possessed the firearms in question. *See Glasser v. United States*, 315 U.S. 60, 80 (1942) (standard of review).

Hammond next challenges the enhancement under USSG § 2K2.1(b)(5), which was based on his use of the firearms in connection with drug trafficking. Hammond asserts that there was insufficient evidence to show that he was involved in drug trafficking. A search of Hammond's apartment produced the firearms at issue; small amounts of marijuana and cocaine; two sets of scales; numerous small

ziplock baggies; and $1532, with over one-third in $1 bills. We find that this evidence established by a preponderance of the evidence that Hammond was involved in drug trafficking and possessed the drugs found in his home with the intent to distribute. *See United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999) (recognizing that a Rolex watch, a wad of currency totaling $1055, and a hand gun were all indicia of drug dealing).

Accordingly, we affirm Hammond's conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*