**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                                    No. 01-5018

ROBERT EVERTON RUSHIE,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-396)

Submitted: July 30, 2002

Decided: September 18, 2002

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Donald K. Tisdale, Sr., GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Everton Rushie was convicted of possession with intent to distribute 970.2 grams of cocaine hydrochloride, 21 U.S.C. § 841(a) (2000), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). Rushie was sentenced to a 210-month term of imprisonment on the possession of cocaine conviction and a concurrent 120-month term of imprisonment on the possession of a firearm conviction. Rushie appeals his convictions on both charges and the calculation of his sentence. We affirm.

Rushie asserts the district court erred in its denial of his Fed. R. Crim. P. 29 motions on both counts of conviction. He contends insufficient evidence established he possessed the cocaine seized from him at the site of the controlled buy. We find that a written statement Rushie provided to Greensboro City police upon his arrest, in conjunction with the testimony provided by the officers at the scene of the controlled buy, provided sufficient evidence for a reasonable jury to find Rushie knowingly possessed the cocaine beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). Likewise, there was sufficient evidence that Rushie exercised constructive possession of the gun found in his home. *See United States v. Gallimore*, 247 F.3d 134, 136-37 (4th Cir. 2001); *United States v. Jackson*, 124 F.3d 607, 610 (4th Cir. 1997). Accordingly, the district court did not err in denying Rushie's motions for acquittal.

In setting Rushie's base offense level for sentencing purposes, the district court attributed to him the cocaine seized at the controlled buy and the cocaine base seized from the van he drove to the buy. Rushie was acquitted of possession of the cocaine base at a jury trial. Rushie contends the district court improperly attributed the cocaine base to him after he had been acquitted of the possession charge and without finding by a preponderance of the evidence that he possessed the challenged drugs. At the sentencing hearing, the district court found, by a preponderance of evidence, that Rushie possessed the cocaine base. *See United States v. Watts*, 519 U.S. 148, 155-57 (1997). The district court did not clearly err in its factual findings. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999).

Rushie also challenges the enhancement of his sentence for obstruction of justice pursuant to *U.S. Sentencing Guideline Manual* § 3C1.1 (2001). This claim is meritless. The district court did not err in its finding that Rushie knowingly provided materially perjurious testimony on two matters at his trials. *See United States v. Self*, 132 F.3d 1039, 1041 (4th Cir. 1997); *United States v. Stotts*, 113 F.3d 493, 497 (4th Cir. 1997).

Accordingly, we affirm Rushie's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*