**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

LAWRENCE GLEN GALLOWAY,
　　　　　　　*Defendant-Appellant.*

No. 02-4510

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-01-117)

Submitted: January 9, 2003

Decided: January 21, 2003

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Stephen A. Hudgins, STEPHEN A. HUDGINS, P.C., Newport News, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Lisa R. McKeel, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lawrence Glen Galloway appeals his conviction of one count of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k), 924(a)(2) (2000), and his sentence of sixty-three months for the felon in possession of a firearm charge and sixty months, to run concurrently, for the possession of a firearm with an obliterated serial number charge, and three years of supervised release. We affirm.

First, Galloway argues the district court erred when it denied his motion to suppress the firearm and the statements he made to police regarding the firearm, both before and after the police advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). We review the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Galloway was arrested for violation of a protective order at the apartment where he lived with his girlfriend and two others. After Galloway was handcuffed, another resident of the apartment informed police that Galloway had had a firearm earlier and had placed it in the trunk of a nearby car. The officer asked Galloway if there was a gun in the car. Galloway said there was not a gun in the car and that it was not his car. The officer then asked if Galloway had been driving the car; Galloway said yes. Finally, the officer asked if he could search the trunk of the car. Galloway said yes, indicated that the keys were in the pocket of his pants, allowed the officer to retrieve the keys from his pocket and indicated which key opened the car. The officer opened the trunk and found it full of clothes. On top of the clothes lay a semiautomatic firearm. The police then took Galloway to the police station; on the way, the police asked Galloway if he was a con-

victed felon, and Galloway said yes. Later, after receiving a *Miranda* warning, Galloway stated that he had been driving the car and that he had had the gun and put it in the trunk.

The district court's finding that Galloway voluntarily consented to the search of the car trunk was not clearly erroneous. *See United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996); *see also United States v. Watson*, 423 U.S. 411, 424 (1976) ("[T]he fact of custody alone has never been enough to demonstrate a coerced . . . consent to search."). Accordingly, the district court did not err when it denied the motion to suppress the firearm discovered during the search.

With regard to the statements that Galloway made before administration of *Miranda* warnings, the district court erred by denying the motion to suppress these statements. *See Dickerson v. United States*, 530 U.S. 428, 443-44 (2000) ("[U]nwarned statements may not be used as evidence in the prosecution's case in chief."). The district court's admission of such statements, however, was harmless beyond a reasonable doubt, in light of the discovery of the firearm, the post-*Miranda* remarks Galloway made to the police, and the testimony of other witnesses. *See Chapman v. California*, 386 U.S. 18, 24 (1967); *cf. United States v. Melgar*, 139 F.3d 1005, 1016 n.3 (4th Cir. 1998) (holding that admission of Defendant's statements obtained in violation of his Sixth Amendment rights was harmless error "because, independent of the interrogation, the government would have 'inevitably discovered' [Defendant's] alien status"), *abrogated on other grounds by Texas v. Cobb*, 532 U.S. 162 (2001).

Finally, Galloway argues that the district court erred by denying the motion to suppress statements he made after being advised of his *Miranda* rights. He asserts that the initial unwarned statements taint the subsequent admissions he made after he was fully advised of and waived his *Miranda* rights. Where a defendant's initial unwarned statement, though in violation of *Miranda*, was voluntary, there is no "taint" imputed to subsequent statements obtained pursuant to a voluntary and knowing waiver. *See Oregon v. Elstad*, 470 U.S. 298, 318 (1985); *id.* at 314 ("A subsequent administration of *Miranda* warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement."). Police need not inform the defendant

that his initial unwarned statement could not be used against him. *Id.* at 316. As the district court found that the initial unwarned statements were voluntary and Galloway has made no other argument that his subsequent waiver of his *Miranda* rights was not knowing and voluntary, admission of the statements made after the *Miranda* warnings was not error.

Second, Galloway argues the possession of a firearm by a convicted felon and possession of a firearm with an obliterated serial number are charges that should not be federalized. Because Galloway did not raise this issue in the district court review is for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). To establish plain error, Galloway must show: (1) there was an error; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* Because the Government may establish the commerce nexus by showing the firearm was manufactured in another state, Galloway has shown no error, plain or otherwise. *See United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001); *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir. 2000).

Third, Galloway argues the evidence was insufficient to support his conviction. A defendant challenging the sufficiency of the evidence to support a conviction "must overcome a heavy burden." *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995). We must sustain the verdict if there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). The jury weighs the credibility of the evidence, and credibility determinations are not susceptible to judicial review. *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc). We have reviewed the record and conclude the evidence was sufficient to support Galloway's conviction.

Finally, Galloway argues the Government failed to prove the firearm was manufactured at a time when serial numbers were required to be placed on firearms. Because Galloway did not raise this issue in the district court, review is for plain error. *Olano*, 507 U.S. at 731-32. Proof of the date on which a firearm was manufactured is not an element of 18 U.S.C. § 922(k). Galloway therefore has shown no

error, plain or otherwise, by the Government's failure to prove the date on which the firearm was manufactured.

Galloway's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*