UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

ENOS A. WILKERSON,
       *Defendant-Appellant.*

No. 02-4646

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-01-355)

Submitted: January 28, 2003

Decided: March 14, 2003

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Enos A. Wilkerson appeals his conviction of possession of a firearm after having been convicted of a crime punishable by more than one year in prison, in violation of 18 U.S.C. § 922(g) (2000). Finding no error, we affirm.

On appeal, Wilkerson first contends that the district court erred in denying his motion to dismiss count one of the indictment because § 922(g) is unconstitutional facially and as applied to him. Wilkerson argues that Congress exceeded its authority under the Commerce Clause in enacting § 922(g). We have recently rejected arguments virtually identical to those raised by Wilkerson, and find his position to be without merit. *See United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001).

Wilkerson next asserts that the evidence was insufficient to sustain his conviction. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of a violation of § 922(g)(1) are that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Wilkerson stipulated to a disqualifying prior convic-

tion. He argues that the evidence did not show that he actually possessed the firearm or that his possession was in or affecting interstate commerce. The testimony of several witnesses, taken together, was adequate to support the jury's finding that Wilkerson possessed the firearm. Further, the firearm was manufactured in Japan, imported to California, sold to a firearms dealer in Maryland, and ultimately found in Virginia, so it clearly moved in interstate commerce. Our review of the record convinces us that the evidence was sufficient as to each of these elements.

Wilkerson's final argument is that the district court erred in denying his motion for a new trial based upon alleged discovery violations. This court reviews the district court's ruling on a motion for a new trial for abuse of discretion. *See United States v. Rhynes*, 206 F.3d 349, 360 (4th Cir. 1999) (en banc); *see also United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995). Wilkerson moved for a new trial after counsel discovered apparently exculpatory information in the original draft of the presentence report that had not previously been disclosed by the Government. After a hearing on the motion, the district court concluded that the probation officer erred in preparing the initial PSR and the information in question was not required to be disclosed to the defense, and denied the motion. Our review of the record convinces us that the district court did not abuse its discretion in this ruling.

Accordingly, we affirm Wilkerson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*