**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RONNIE WILLIAMS,
*Defendant-Appellant.*

No. 02-4432

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CURTIS LEE TERRY,
*Defendant-Appellant.*

No. 02-4540

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-00-162-FO)

Submitted: February 27, 2003

Decided: March 31, 2003

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina; David

W. Venable, Raleigh, North Carolina, for Appellants. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Curtis Lee Terry and Ronnie Williams of arson, in violation of 18 U.S.C. §§ 2, 844(i) (2000), and conspiracy to violate § 844(i). Williams and Terry challenge their arson convictions on the ground that the district court erred by denying their motions for judgment of acquittal under Fed. R. Crim. P. 29. Williams contends that the district court erred by denying his motion to suppress statements he made to federal agents on the day of the fire. Finding no reversible error, we affirm.

Williams and Terry contend that the district court should have granted their motions for a judgment of acquittal because the daycare center located in the church had only a passing connection to interstate commerce. *See United States v. Gullett*, 75 F.3d 941, 947 (4th Cir. 1996) (discussing elements of § 844(i) offense). We review de novo the district court's decision to deny a motion for judgment of acquittal. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001) (stating standard of review).

The facts adduced by the Government at trial regarding the daycare center and its operations were nearly identical to the facts on which this court relied in *United States v. Terry*, 257 F.3d 366 (4th Cir.), *cert. denied*, 534 U.S. 1035 (2001), to conclude that "the commercial use of the property brings the building within § 844(i)'s jurisdictional nexus." *Id.* at 371. In addition, we have carefully considered the argu-

ments Williams and Terry raise on appeal and reject them. *See Terry*, 257 F.3d at 369-71; *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (discussing law-of-the-case doctrine). We therefore find that a rational factfinder, viewing the evidence in the light most favorable to the Government, could conclude that the daycare center was used in or affected interstate commerce. *See Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir.) (citing *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)), *cert. denied*, 534 U.S. 1049 (2001), *and cert. denied*, 535 U.S. 977 (2002). Thus, the district court did not err in denying Williams' and Terry's Rule 29 motions.

Next, Williams contends that the district court erred in denying his motion to suppress the statements he made to federal agents. Even assuming, as Williams contends, that his statements were involuntary and that the district court erred in admitting them, we find that any error was harmless. *See Arizona v. Fulminante*, 499 U.S. 279, 306-10 (1991) (applying harmless error analysis to improper admission of involuntary confession); *Chapman v. California*, 386 U.S. 18, 24 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.").

Williams argues that the only evidence against him—other than the testimony regarding his confession—was Terry's testimony implicating him in the charged offenses, which Williams contends was not credible. However, "we do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the government." *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). In addition, "the testimony of a co-defendant standing alone and uncorroborated is sufficient to sustain a conviction." *United States v. Patterson*, 150 F.3d 382, 386 (4th Cir. 1998). Because Terry clearly implicated Williams in the charged offenses, we conclude that the jury would have returned a guilty verdict and, therefore, that any error in the admission of Williams' statements was harmless.

Accordingly, we affirm Williams' and Terry's convictions. We deny Appellants' motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*