# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                               No. 02-4495

WILLIAM J. GRAHAM,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-01-10010)

Submitted: May 22, 2003

Decided: July 14, 2003

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John P. Bradwell, SHORTRIDGE & SHORTRIDGE, P.C., Abingdon, Virginia, for Appellant. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

William J. Graham appeals his convictions for distribution of oxy-
codone, engaging in a continuing criminal enterprise, use of a firearm
in a drug trafficking offense, and possession of a firearm by a con-
victed felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(c) (2000) and
21 U.S.C. §§ 841(a), 848 (2000). We affirm.

Graham first claims that there is insufficient evidence to support
his conviction for maintaining a continuing criminal enterprise. Spe-
cifically, Graham contends that the Government failed to show that
he managed, supervised, or organized five or more persons as part of
the enterprise. Because this amounts to a challenge to the sufficiency
of the evidence, we consider whether "there is substantial evidence,
taking the view most favorable to the Government, to support [the
conviction]." *Glasser v. United States*, 315 U.S. 60, 80 (1942). This
court does not weigh the evidence or determine the credibility of the
witnesses. *See United States v. Sun*, 278 F.3d 302, 313 (4th Cir.
2002).

Graham concedes that the Government established that he orga-
nized, supervised, or managed four individuals: Scott Livesay, Bev-
erly Livesay, Dan Sanders, and Chuck Lodge. Our review of the
record discloses that the Government produced evidence that at least
one other individual fell within the statutory scheme of a continuing
criminal enterprise. Steve Hunnicutt testified that he purchased oxy-
codone from Graham for resale and returned the profits to Graham.
That Graham worked closely with another individual who also sup-
plied Hunnicutt is of no moment. Accordingly, we deny this claim.

Graham next claims that 18 U.S.C. § 922(g) is facially unconstitu-
tional inasmuch as Congress exceeded its authority under the Com-
merce Clause in enacting it. As the district court correctly concluded,

Graham's claim is foreclosed by our decisions in *United States v. Gallimore*, 247 F.3d 134 (4th Cir. 2001), and *United States v. Wells*, 98 F.3d 808 (4th Cir. 1996). It is well established that a panel of this court cannot overrule the decision of another panel. *United States v. Najjar*, 300 F.3d 466, 486 n.8 (4th Cir.), *cert. denied*, 123 S. Ct. 705 (2002). We deny this claim.

We also have reviewed the additional claims raised by Graham in his pro se supplemental brief and conclude that they are lacking in merit. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*