**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

TIMOTHY DARYL MORSE,
　　　　　*Defendant-Appellant.*

No. 03-4810

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-02-66)

Submitted: April 28, 2004

Decided: May 18, 2004

Before WIDENER and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

J. Lloyd Snook, III, SNOOK & HAUGHEY, P.C., Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Timothy Daryl Morse made a conditional guilty plea to two counts of possessing a firearm or ammunition after being convicted of a "misdemeanor crime of domestic violence" in violation of 18 U.S.C. § 922(g)(9) (2000). On appeal, Morse alleges that: (1) the district court erred in finding that his prior Virginia conviction for assault and battery against a family or household member under Va. Code Ann. § 18.2-57.2 (Michie 1996) was a predicate "misdemeanor crime of domestic violence" and (2) the district court erred in overruling his motion to dismiss on the grounds that § 922(g)(9), as applied to him, violates: (a) his right to notice that it was illegal for him to possess a firearm or ammunition, (b) the Commerce Clause, (c) the Tenth Amendment, and (d) the Equal Protection Clause of the Fourteenth Amendment. For the reasons that follow, we affirm.

We find that Morse's conviction for assault and battery against a family or household member was properly considered a predicate crime for his § 922(g)(9) conviction. We note that Morse cohabited with the victim of his crime and thus would be considered a "family or household member" under Virginia law. *See* Va. Code Ann. §§ 16.1-228, 18.2-57.2. The facts reveal that Morse struck the victim in the face after she informed him that she was leaving him for another man. Morse's Virginia conviction and his conduct both meet the definition of a "misdemeanor crime of domestic violence" as set forth in 18 U.S.C. § 921(a)(33)(A) (2000).

This court has rejected the argument that § 922(g)(9) is invalid because of notice concerns under the Fifth Amendment. *United States v. Mitchell*, 209 F.3d 319, 323-24 (4th Cir. 2000). Likewise, this court has found that § 922(g) is a valid exercise of Congress' power under the Commerce Clause. *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001). We find that Morse has failed to show that

§ 922(g)(9) violates the Tenth Amendment. *See United States v. Bostic*, 168 F.3d 718, 723-24 (4th Cir. 1999) (rejecting a Tenth Amendment challenge to 18 U.S.C. § 922(g)(8)). Finally, Morse provides no authority for his equal protection claim. Other circuits have rejected this claim. *United States v. Barnes*, 295 F.3d 1354, 1368 (D.C. Cir. 2002); *United States v. Hancock*, 231 F.3d 557, 565-67 (9th Cir. 2000); *United States v. Lewitzke*, 176 F.3d 1022, 1025-27 (7th Cir. 1999); *United States v. Smith*, 171 F.3d 617, 623-26 (8th Cir. 1999).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*