**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4379

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY J. FLOYD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-03-98)

Submitted:  October 7, 2005        Decided:  November 9, 2005

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Larry J. Floyd appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000) and possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (2000). Finding no reversible error, we affirm.

Prior to trial, Floyd and the Government stipulated that he had been convicted of a felony and that each of the firearms he allegedly possessed had traveled in interstate commerce. They filed these stipulations with the district court. The Government closed its case without entering the stipulations into evidence. Floyd moved for a judgment of acquittal under Fed. R. Crim. P. 29, but did not mention the stipulation in his motion. After presenting his evidence and resting his case, Floyd renewed his motion for a judgment of acquittal. Floyd argued that the Government had failed to introduce the stipulations into evidence. The district court denied Floyd's motion because the Government had filed the stipulations with the court and had mentioned them in its opening argument. The district court also allowed the Government to reopen its case to submit the stipulations into evidence.

Floyd claims the district court erred when it allowed the Government to reopen its case to admit the stipulations into evidence. A district court's decision to allow a party to reopen its case is reviewed for abuse of discretion. United States v. Abbas, 74 F.3d 506, 510 (4th Cir. 1996). Floyd also claims the

district court erred when it denied his motion for a judgment of acquittal because the evidence in the stipulations was not properly admitted.  The court's denial of a motion for judgment of acquittal is reviewed de novo.  United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001).

"A district court may allow the Government to reopen its case even after the defendant makes a Rule 29 motion."  United States v. Gray, 405 F.3d 227, 238 n.5 (4th Cir. 2005).  The decision to allow the Government to reopen its case is within the district court's sole discretion.  Abbas, 74 F.3d at 510.  When reviewing whether the district court abused its discretion in ruling on a party's motion to reopen its case, we review whether (1) the moving party "provided a reasonable explanation for failing to present the evidence in its case-in-chief"; (2) "the evidence was relevant, admissible, or helpful to the jury"; and (3) "reopening the case would have infused the evidence with distorted importance, prejudiced the opposing party's case, or precluded the opposing party from meeting the evidence."  Id. at 510-11.

The district court found that the Government inadvertently failed to admit the stipulations into evidence.  The Government had explained the stipulations to the jury and its intention to use them during the opening statement.  The district court and both parties apparently failed to notice that the stipulations had not been entered into evidence as an exhibit until

Floyd's counsel realized it the morning of the second Rule 29 motion. The Government had filed the stipulation in the district court into the record, but inadvertently did not enter it as an exhibit at trial. The district court did not abuse its discretion when it found that the Government provided a reasonable explanation for failing to present the evidence.

The parties stipulated to Floyd's prior felony and the interstate travel of the guns before the trial. This evidence was material, relevant, admissible, and helpful to the jury as the Government intended to rely on the stipulation to prove two out of the three elements of the felon in possession counts. As Floyd had agreed to the stipulation, reopening the Government's case did not prejudice Floyd or give the evidence distorted importance. The district court did not abuse its discretion in allowing the Government to reopen its case to admit the stipulated evidence and did not err in denying Floyd's motion for judgment of acquittal.

Floyd also contends the district court improperly enhanced his sentence by using his prior convictions to conclude he was an armed career criminal under U.S. Sentencing Guidelines Manual § 4B1.4(a) (2004). Because Floyd did not raise this claim below, we review for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). This court has ruled that the nature and occasion of prior offenses are facts inherent in the convictions and that the government does not have to allege prior

- 4 -

convictions in the indictment or submit them to a jury as a prerequisite for applying the armed career criminal enhancement. United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005). The district court did not err when it used Floyd's prior convictions in calculating his sentence.

To the extent Floyd argues that the district court's treatment of the sentencing guidelines as mandatory requires resentencing, this claim also fails. Although Floyd is correct that the district court erred in treating the guidelines as mandatory, see Hughes, 401 F.3d at 547-48, we have held that in the plain error context, the error of sentencing under the mandatory guidelines regime does not warrant a presumption of prejudice, nor is it a structural error. United States v. White, 405 F.3d 208, 224 (4th Cir. 2005). Nothing in the record suggests the error in applying the guidelines as mandatory affected the court's ultimate determination of Floyd's sentence. Accordingly, Floyd cannot satisfy the prejudice requirement of the plain error standard.

Accordingly, we affirm Floyd's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED