**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4278

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IAN ANDRE CARR,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CR-04-50)

Submitted: December 21, 2005        Decided: January 13, 2006

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry D. Garrett, GARRETT & GARRETT, Moorefield, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ian Andre Carr was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to ten years in prison. Carr appeals, claiming that the evidence was insufficient to convict and that the district court erred in granting a supplemental jury instruction. We affirm.

I

Several witnesses testified at trial that Carr shot Jackie Robinson outside the home of Carr's cousin, Sandra Carr. Sandra Carr testified that she saw Carr point a gun at Robinson and saw "fire" from the pistol as he shot. Sandra's sixteen-year old daughter, Tiesha, testified that Carr hit Robinson in the back of the head with a gun. Robinson then began running. Tiesha heard gunshots and testified that Carr had the gun when it was fired. Robinson testified that while he and Sandra Carr were talking, someone hit him in the back of the head. He turned and saw that it was Carr who had hit him. He also noticed that Carr was cocking a pistol. Robinson began running. Carr chased after him, firing at Robinson. One of the shots struck Robinson.

II

Carr first contends that there was insufficient evidence to support his conviction. To determine a sufficiency claim, we consider whether, taking the evidence in the light most favorable to the Government, there is substantial evidence to support the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence and permit "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility lies within the sole province of the jury, and the court will not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

To sustain a conviction under § 922(g)(1), the Government must establish that: the defendant was a convicted felon; he knowingly possessed the firearm; and the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Here, the only disputed element is possession, which is established by the eyewitness testimony of Robinson, Sandra Carr, and Tiesha Carr.[*] We conclude that substantial evidence supports Carr's conviction.

---

[*]The parties stipulated that Carr was a convicted felon, and the interstate commerce connection was not disputed.

- 3 -

III

In its initial instruction to the jury, the court stated that possession could be actual or constructive. The court did not define constructive possession. In response to a jury question, the court elaborated on the definition of possession, defining both actual and constructive possession. On appeal, Carr claims that the court erred in delivering this instruction because it altered the theory of the case and prejudiced him. We have observed that "the necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the district court." United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990). Here, far from altering the theory of the case, the district court simply elaborated on its earlier instruction to the jury on possession. The court fairly and accurately responded to the jury's question without prejudicing the defense. See United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). There was no abuse of discretion.

IV

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -