**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4120**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICHARD TYRONE MCMILLAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:08-cr-00031-jct-3)

Submitted: September 29, 2009    Decided: October 13, 2009

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Krysia Carmel Nelson, NELSON & TUCKER, PLC, Charlottesville, Virginia, for Appellant. Julia C. Dudley, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Richard Tyrone McMillan of possession of a stolen firearm and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(j) (2006), and possession of a firearm after having previously been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1) (2006). McMillan was sentenced to ten years of imprisonment for possession of a stolen firearm and fifteen years of imprisonment for being a felon in possession of a firearm, to run concurrently, and now appeals. Finding no error, we affirm.

McMillan first challenges the sufficiency of the evidence. This court reviews a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted).

2

Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

McMillan argues that the Government failed to demonstrate that the firearm charged in the indictment was a firearm within the meaning of the statute because the Government did not prove that the firearm was not an antique firearm. In order to prove McMillan possessed a stolen firearm in violation of 18 U.S.C. § 922(j), the Government had to demonstrate that (1) McMillan possessed the stolen firearm; (2) the firearm had moved in interstate commerce; and (3) McMillan knew or had reason to know that the firearm was stolen. See United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006). To establish a violation of 18 U.S.C. § 922(g)(1), the Government was required to prove that: (1) McMillan was a convicted felon; (2) he knowingly possessed a firearm; and (3) the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). The term "firearm" is defined under the statute, in part, as "any weapon (including a starter gun) which will or is designed to or may readily be

converted to expel a projectile by the action of an explosive . . . [other than] an antique firearm." 18 U.S.C. § 921(a)(3) (2006). In addition, the statute defines an "antique firearm" as any firearm manufactured in or before 1898 and any replica that is not designed to use modern ammunition. See 18 U.S.C. § 921(a)(16) (2006).

Moreover, the antique firearms exception is an affirmative defense that must be raised by the defendant and supported by evidence before the Government must disprove its application. See, e.g., United States v. Lawrence, 349 F.3d 109, 122-23 (3d Cir. 2003). As McMillan failed to raise the antique firearms exception in the district court or provide any evidence of its application, the Government was not required to demonstrate that the firearm was not an antique firearm.

McMillan also argues that the Government failed to demonstrate that he knew the firearm was a firearm within the meaning of the statute. However, the Government was not obliged to prove that McMillan knew that the firearm met the statutory definition for a firearm. See United States v. Frazier-El, 204 F.3d 553, 561 (4th Cir. 2000) (Government need not prove that defendant knew possession of particular type of firearm was prohibited). In addition, the Government provided sufficient evidence to demonstrate that McMillan knew the weapon was a firearm, as that term is commonly used. See id.

4

McMillan next argues that the Government failed to demonstrate that he knew the firearm was stolen. We have thoroughly reviewed the record and conclude that there was sufficient evidence from which the jury could find that McMillan knew, or had reason to know, that the firearm was stolen.

Finally, McMillan argues that the district court erred in instructing the jury by omitting essential elements of the crimes charged. As McMillan did not object to the jury instructions in the district court, we review this issue for plain error. See Neder v. United States, 527 U.S. 1, 8-9 (1999) (noting that, in cases where defendant failed to object to jury instruction, issue is reviewed for plain error). To prevail on a claim of unpreserved error, McMillan must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Furthermore, even if McMillan satisfies this standard, this court will exercise its discretion to notice the error only "if the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." Id. (internal quotation marks and citation omitted).

McMillan argues that the district court failed to instruct the jury on the definition of an antique firearm. However, as noted above, McMillan did not raise the antique firearm exception as an affirmative defense. Accordingly, the

5

Government was not required to prove that the firearm McMillan possessed was not an antique firearm.

McMillan also argues that the district court failed to instruct the jury that the Government had to prove that he knew the weapon was a firearm within the meaning of the statute. However, in order to convict a defendant of a violation of § 922, the Government does not need to prove that the defendant knew that possession of a particular type of firearm was prohibited. See Frazier-El, 204 F.3d at 561; see also United States v. Jones, 471 F.3d 535, 540 (4th Cir. 2006) (to establish knowing violation of § 922(g), Government "must prove defendant's knowledge with respect to possession of the firearm but not with respect to other elements of the offense."). Therefore, we conclude that the district court did not err in instructing the jury on the elements of the offenses.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6