**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4431**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KURT JOSEPH HINTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.   Thomas David
Schroeder, District Judge.  (1:10-cr-00315-TDS-1)

———————

Submitted:  October 18, 2011        Decided:  October 20, 2011

———————

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William S.
Trivette, Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
Terri-Lei O'Malley, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kurt Joseph Hinton was convicted by a jury of one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006) ("Count One"), one count of possession of a firearm he knew or had reason to believe was stolen, in violation of 18 U.S.C. § 922(j) (2006) ("Count Two"), and one count of possession of an unregistered firearm with a barrel length of less than eighteen inches and an overall length of less than twenty-six inches, in violation of 26 U.S.C. § 5861(d) (2006) ("Count Three"). The district court sentenced Hinton to sixty-two months in prison for each count, to run concurrently. Hinton timely appealed his convictions in Counts One and Two, arguing that the district court violated his constitutional rights by instructing the jury that Hinton's possession was "in or affecting commerce" if the jury found that the firearm had travelled "at some time from one state to another, or from a foreign country to the United States." Hinton contends that the interstate commerce element, as applied to him, is unconstitutional under the Commerce Clause of the United States Constitution. We affirm.

We review Hinton's preserved challenge to the constitutionality of the statute de novo. United States v. Buculei, 262 F.3d 322, 327 (4th Cir. 2001). Hinton admits that the precedent of this Circuit forecloses his current argument.

2

See United States v. Gallimore, 247 F.3d 134, 137-38 (4th Cir. 2001) (rejecting argument made in reliance on Jones v. United States, 529 U.S. 848 (2000), and United States v. Morrison, 529 U.S. 598 (2000) that transport across state lines was insufficient to establish possession "in or affecting" interstate commerce); United States v. Wells, 98 F.3d 808, 810-11 (4th Cir. 1996) (rejecting similar argument made in reliance on United States v. Lopez, 514 U.S. 549 (1995)).  Moreover, Hinton correctly recognizes that a three-judge panel of this court cannot overrule another three-judge panel where, as here, no intervening Supreme Court decision casts doubt on existing precedent.  United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED