**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-4027**

—————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DEXTER BROADNAX,

                    Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:09-cr-00201-F-1)

—————

Submitted:  May 17, 2012          Decided:  June 12, 2012

—————

Before MOTZ, KING, and DAVIS, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

W. James Payne, Shallotte, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Dexter Broadnax of conspiracy to commit robbery obstructing interstate commerce, in violation of 18 U.S.C. § 1951 (2006); six counts of robbery obstructing interstate commerce and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951 (2006); four counts of using a firearm during the commission of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (2006); and possession of a firearm after sustaining a conviction for a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Broadnax to a total of 1,308 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Broadnax first argues that his trial counsel rendered ineffective assistance for failing to move to suppress statements he made to a federal agent. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at

2

689.  Under the second prong of the test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Moreover, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record.  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).  We have reviewed the record and conclude that ineffective assistance of counsel does not conclusively appear on the record.  We therefore decline to consider this argument on direct appeal.

Broadnax next argues that the evidence was insufficient to support the conviction for possession of a firearm by a felon.  We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo.  United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).  A defendant challenging the sufficiency of the evidence faces a heavy burden.  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  "In reviewing the sufficiency of the evidence supporting a criminal conviction, our role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support it."  Id. (internal quotation marks and citation omitted).  Substantial evidence is "evidence that a reasonable finder of fact could

accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Smith, 451 F.3d at 216 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted).

In addition, in order to prove possession under 18 U.S.C. § 922(g), the government need not prove "actual or exclusive possession, [rather] constructive or joint possession is sufficient." United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001) (citation omitted). Constructive possession can be demonstrated by proof "that the defendant exercised, or had the power to exercise dominion and control over the item." Id. at 137 (internal quotation marks and citation omitted). Having thoroughly reviewed the record, we conclude that there was substantial evidence to support the jury's verdict of guilt of this offense.

Finally, Broadnax argues that the district court erred in applying enhancements under the advisory Guidelines for obstruction of justice and use of a firearm during the final two robberies. In reviewing the district court's calculations under the Guidelines, we "review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010)

4

(internal quotation marks, alteration, and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks, alterations, and citation omitted).

The Guidelines provide for a two-level enhancement if a defendant willfully obstructs or attempts to obstruct the administration of justice with respect to the prosecution of the offense of conviction, related to the offense of conviction and any relevant conduct. U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2011). Obstruction of justice as warrants an enhancement under this section includes "threatening, intimidating, or otherwise unlawfully influencing a co-defendant." USSG § 3C1.1 cmt. n.4(A). Also under the Guidelines, a court must apply a six-level enhancement in the offense level for robbery if the defendant otherwise used a firearm in commission of the offense. USSG § 2B3.1(b)(2)(B).

The government must prove application of Guidelines enhancements by a preponderance of the evidence. See United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). In addition, in determining whether to apply the enhancements, a court may consider acquitted conduct, as long as the conduct is proven by a preponderance of the evidence. See United States v. Watts, 519 U.S. 148, 150-57 (1997). Our review of the record

5

leads us to conclude that the district court did not err in applying these enhancements under the advisory Guidelines.

Accordingly, we affirm the judgment of the district court and deny Broadnax's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED