**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4651

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD C. LEGGETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Jerome B. Friedman, District Judge.  (CR-03-138)

Submitted:  March 30, 2005                    Decided:  May 9, 2005

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Larry M. Dash, Assistant Federal Public Defender, Meghan S. Skelton, Research and Writing Attorney, Norfolk, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Lisa R. McKeel, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward C. Leggett was convicted of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). He was sentenced to concurrent terms of imprisonment of 120 months and 165 months, respectively, to be followed by concurrent three-year and eight-year periods of supervised release. Leggett appeals his convictions and sentence.

Leggett contends there was insufficient evidence to support his convictions. We review the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

To prove a violation of 18 U.S.C. § 922(g) (2000), the government must show that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm;

and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Because Leggett stipulated that he was a convicted felon and that the firearm had traveled in interstate commerce, the government only needed to prove Leggett knowingly possessed the firearm.

To convict Leggett of possession with the intent to distribute cocaine base, the government had to prove that Leggett: (1) knowingly, (2) possessed the cocaine, (3) with the intent to distribute it. Burgos, 94 F.3d at 873. Intent to distribute can be inferred if the amount of drugs found exceeds an amount associated with personal consumption. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993).

As to both charges, possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). Constructive possession exists when the defendant exercised, or had the power to exercise, dominion and control over the item. United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997) (quotations omitted); United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Possession may be established by direct or circumstantial evidence. Schocket, 753 F.2d at 340.

When the evidence is viewed in the light most favorable to the government, we conclude there was sufficient evidence from which a jury could reasonably infer Leggett constructively

- 3 -

possessed the firearm on July 22, 2003, and the cocaine base on November 17, 2003.  Accordingly, we affirm Leggett's convictions.

Leggett also appeals his sentence, arguing that Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the sentencing guidelines.  Leggett preserved this issue for appeal by raising it in the district court.  In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely applies to the federal sentencing guidelines and that the guidelines are advisory rather than mandatory.  In light of the Court's decision in Booker, we vacate Leggett's sentence and remand the case for resentencing.

In sum, we find no reversible error with the convictions, but we vacate Leggett's sentence and remand for resentencing in accordance with Booker.  We also deny Leggett's motion to remove counsel and proceed on appeal pro se.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART