**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 04-4322**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERRELL BENJAMIN GIBBS,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., District
Judge.  (CR-03-609)

─────────

Submitted:  April 29, 2005                Decided:  June 3, 2005

─────────

Before NIEMEYER, LUTTIG, and SHEDD, Circuit Judges.

─────────

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

─────────

David B. Betts, Columbia, South Carolina, for Appellant.  J. Strom
Thurmond, Jr., United States Attorney, Kevin F. McDonald, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Ferrell Benjamin Gibbs was convicted of "knowingly and fraudulently endeavoring to obtain a sum in excess of $1,000 in the public stocks of the United States and to have a part thereof transferred, assigned, and conveyed by virtue of false, forged, and counterfeited instruments," in violation of 18 U.S.C. § 1003 (2000) (Count One), and mail fraud, in violation of 18 U.S.C.A. § 1341 (West 2000 & Supp. 2004) (Count Two). The district court sentenced Gibbs under the federal sentencing guidelines to seventy-eight months in prison. Gibbs timely appealed.

## I.

Gibbs' counsel asserts on appeal that the district court erred by denying his motion to dismiss Count Two on the ground that the evidence was not sufficient to show that Gibbs had designed a scheme to defraud anyone. We review the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal

action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). In addition, the court considers circumstantial and direct evidence, and allows the government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

The elements of mail fraud under 18 U.S.C. § 1341 are: (1) the existence of a scheme to defraud; (2) the use of the mails in furtherance of the scheme; and (3) a material statement or omission in furtherance of the scheme. Neder v. United States, 527 U.S. 1, 25 (1999); United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001). To establish the scheme to defraud element, the government must prove beyond a reasonable doubt that the defendant acted with specific intent to defraud. United States v. Ham, 998 F.2d 1247, 1254 (4th Cir. 1993). "Fraudulent intent may be inferred from the totality of the circumstances and need not be

proven by direct evidence."  Id. at 1254; see also Godwin, 272 F.3d at 666.

Gibbs' counsel argues that the evidence failed to show that he had intent to defraud.  However, after Gibbs first attempted in 2002 to use bills of exchange to purchase cars and real estate, the Federal Bureau of Investigation ("FBI") informed him these bills were fictitious and that the United States Treasury accounts he purportedly believed existed in fact did not.  The FBI also provided Gibbs with a list of websites where he could verify the information they gave him.  Despite this warning from the FBI, in 2003 Gibbs again attempted to make a real estate purchase using a fictitious bill of exchange.  We find that the evidence was sufficient to support Gibbs' conviction on Count Two.

II.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Gibbs' counsel asserts for the first time on appeal that his sentence is unconstitutional because it is based on facts that were neither charged in the indictment nor proven beyond a reasonable doubt.  In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  Id. at 746, 750

- 4 -

(Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 1995) (citing Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)). Although Gibbs did not raise this challenge at sentencing, this court has held that an enhancement imposed under the mandatory guidelines scheme resulting in a sentence exceeding the maximum sentence that could have been imposed based solely on the jury's findings constitutes plain error warranting correction.[1] Hughes, 401 F.3d at 546-48.

In light of Booker and Hughes, we find that the district court plainly erred in sentencing Gibbs and that the error warrants correction. Therefore, although we affirm Gibbs' convictions, we vacate his sentence and remand for proceedings consistent with

---

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Gibbs' sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if the "law at the time of trial was settled and clearly contrary to the law at the time of appeal").

<u>Hughes</u>.[2]  We deny as moot Gibbs' motion to remand and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

---

[2]In addition to the brief submitted by counsel, Gibbs filed a motion to submit a pro se supplemental brief.  We grant the motion. Having reviewed the pro se supplemental brief, we find that all of Gibbs' challenges to his conviction are meritless.  Because Gibbs' sentence must be vacated and remanded in light of <u>Booker</u> and <u>Hughes</u>, we express no opinion on the sentencing issue Gibbs raises in his pro se supplemental brief.