**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4168

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NORMAND THOMAS TURGEON,

Defendant - Appellant.

No. 04-4169

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH CHARLES GRIFFITH,

Defendant - Appellant.

No. 04-4181

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID GREGORY MUELLER,

                                    Defendant - Appellant.

                        ─────────────────

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, Chief District Judge.  (CR-03-25-SGW)

                        ─────────────────

Submitted:  September 22, 2004      Decided:  September 13, 2005

                        ─────────────────

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

                        ─────────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

                        ─────────────────

Deborah S. Caldwell-Bono, Roanoke, Virginia; Lowell H. Becraft, Jr., Huntsville, Alabama; William H. Cleaveland, WILLIAM H. CLEAVELAND, P.L.C., Roanoke, Virginia, for Appellants.  John L. Brownlee, United States Attorney, Jennie L. M. Waering, Assistant United States Attorney, Roanoke, Virginia; Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

                        ─────────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Normand Thomas Turgeon, Kenneth Charles Griffith, and David Gregory Mueller were indicted of seven counts of mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343 (2000), and one count of conspiracy to commit fraud, in violation of 18 U.S.C. § 317 (2000). Appellants undertook a scheme to acquire land in Floyd County, Virginia, from out-of-state owners, and then sell timber rights to commercial loggers. In some cases, Appellants contracted to purchase land from the owners, but sold the timber rights before they owned the land outright, in violation of state law. In other cases, Appellants attempted to lay claim to the land under the doctrine of adverse possession, but did not meet the statutory minimum possession time. Appellants were arrested and charged with fraud. Following a five-day jury trial, Appellants were convicted on all counts. Griffith was sentenced to twenty-four months in prison, and Turgeon and Mueller were each sentenced to twenty-seven months in prison. They now appeal.[1]

Appellants raise several issues regarding their trial defense of adverse possession. At the heart of their appeal is their purported belief that under the doctrine of adverse possession, they obtained legal title to land as soon as they had taken open and hostile possession of the property. However, under

_____

[1]We grant the Government's motion to file a supplemental brief to address Griffith's appeal, which was initially dismissed for failure to prosecute, but subsequently reinstated.

- 3 -

Virginia law, "to establish title to real property by adverse possession, a claimant must prove actual, hostile, exclusive, visible and continuous possession, under claim of right, for the statutory period of 15 years." Kim v. Douval Corporation, 529 S.E.2d 92, 95 (Va. 2000); see also Va. Code Ann. § 8.01-236 (Michie 2000). Accordingly, we find that the district court did not abuse its discretion in refusing to submit Appellants' incomplete and erroneous jury instructions that omitted the fifteen-year requirement, Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir. 1999) (defining the standard of review); United States v. Sloley, 19 F.3d 149, 153 (4th Cir. 1994) (requiring that a requested instruction be supported by an evidentiary foundation and accurately state the applicable law), and that the court's adverse possession instructions accurately reflected state law. Kim, 529 S.E.2d at 95; Va. Code Ann. § 8.01-236.

We also reject Appellants' claims that the district court's refusal to adopt their interpretation of adverse possession law prejudiced their case, that the court's demeanor deprived them of a fair trial, and that the court erred by refusing to allow them to present excerpts of case law to establish the defense of adverse possession. Additionally, we reject Appellants' claims that the court inappropriately questioned Griffith's credibility, and erroneously refused to admit evidence of a defective deed in the title of one of the properties involved in the fraudulent scheme.

These arguments are all based on Appellants' purported belief that they obtained legal title at the moment they entered the victims' property. We find that the district court's rulings were an effort to conduct the trial within the framework of an articulation of applicable law. Additionally, as the district court noted, Appellants' stated belief that they held legal title to the properties in question does not shield them from liability for trespass, fraud, or any action brought by the legal owner. Thus, any error by the court was harmless. United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997).

Turgeon also contends that the evidence presented at trial was insufficient to find him guilty of Count VIII, because he sold his company and withdrew from the conspiracy before Griffith sold the timber rights to the land that was the subject of Count VIII. Thus, he contends, the district court erred by denying his motion for a judgment of acquittal.

This court reviews the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court does not review the credibility of the witnesses and assumes that the jury resolved

all contradictions in the testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). Turgeon was involved in the fraudulent scheme from the very beginning. Although he alleges that he sold his company to Griffith and withdrew from the conspiracy, there is no evidence, other than his self-serving statement, that he exited the conspiracy. Viewing the entirety of the evidence in a light most favorable to the Government, and assuming that the jury resolved all inconsistencies in favor of the Government, we conclude that a reasonable jury could have concluded that Turgeon never withdrew from the conspiracy. Romer, 148 F.3d at 364.

Finally, we turn to Appellants' contention that their sentences were enhanced based upon judicial fact-finding, in violation of United States v. Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held that the federal sentencing guidelines' mandatory scheme, which provides for sentencing enhancements based on facts found by the court, violated the Sixth Amendment. Booker, 125 S. Ct. at 746 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines

advisory.  Booker, 125 S. Ct. at 756-57 (Breyer, J., opinion of the Court)); United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

Because Appellants did not raise this claim in the district court, their sentences are reviewed for plain error. Hughes, 401 F.3d at 547 (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).  To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights.  Olano, 507 U.S. at 731-32; Hughes, 401 F.3d at 547-48.  If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

At sentencing, the Presentence Report ("PSR") assigned Appellants a base offense level of six, pursuant to U.S. Sentencing Guidelines Manual § 2F1.1(a).  The PSR then increased Griffith's and Turgeon's offense level by eight levels for more than $200,000 in intended loss, under USSG § 2F1.1(b)(1).  However, Mueller received a seven-level increase for loss more than $120,000.  All three Appellants received a two-level increase for more than minimal planning under USSG § 2F1.1(b)(2), and an additional two-level increase for use of sophisticated means.

After careful review of the record, we conclude that the district court did not plainly err in applying the planning and sophisticated means enhancements. Olano, 507 U.S. 725 at 731-32; Hughes, 401 F.3d at 546-47, 556. At trial, Griffith testified to participating in an elaborate conspiracy to acquire land from out-of-state owners, and subsequently sell timber rights to commercial loggers. Turgeon and Mueller did not deny these facts. Instead, Appellants asserted that they either owned the land through a valid contract, or mistakenly believed that under the doctrine of adverse possession, they obtained legal title to land once they had taken open and hostile possession of the property. However, the jury necessarily rejected these claims in finding the Defendants guilty. Accordingly, we find that the facts underlying the planning and sophisticated means enhancements were admitted to by the Defendants, and therefore find no Sixth Amendment violation for these specific enhancements.

However, we conclude that the district court's enhancement for intended loss constitutes plain error which warrants correction. Olano, 507 U.S. 725 at 731-32; Hughes, 401 F.3d at 546-47, 556. Although evidence of the amount of loss was presented at trial, the jury did not necessarily have to determine a specific amount of loss to return a guilty verdict. Moreover, Appellants squarely objected to the amounts at sentencing, and on appeal. Accordingly, we conclude that the application of these

enhancements based upon judicial fact-finding constitutes plain error under Booker.[2]  Moreover, it appears that without these enhancements, all three Appellants would have been subject to lower sentencing ranges, demonstrating that the error affected their substantial rights.  Consequently, we find that the error seriously affected the fairness and integrity of the proceeding and should be recognized.  Hughes, 401 F.3d at 555.

Accordingly, we affirm Appellants' convictions, but remand for resentencing in accordance with Hughes.[3]  Appellants' motions to file supplemental briefs are granted and the motions deemed to be the supplemental briefs. We dispense with oral argument because the facts and legal contentions  are  adequately

---

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4, (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Appellants' sentencing.

[3]Although the sentencing guidelines are no longer mandatory, United States v. Booker, 125 S. Ct. 738, 767 (2005), makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  On remand, the district court should first determine the appropriate sentencing range under the guidelines.  Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  Id. & n.5.  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2005).  Id.  The sentence must be within the statutorily prescribed range and reasonable.  Id. at 547.

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>