**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5222**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID GREGORY MUELLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (CR-03-25-SGW)

Submitted:  October 20, 2006          Decided:  November 8, 2006

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William H. Cleaveland, WILLIAM H. CLEAVELAND, P.L.C., Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Along with two other individuals, David Gregory Mueller was convicted by a jury of seven counts of mail fraud, in violation of 18 U.S.C. § 1341 (2000); wire fraud, in violation of 18 U.S.C. § 1343 (2000); and conspiracy to commit fraud, in violation of 18 U.S.C. § 317 (2000). Mueller was sentenced to twenty-four months of imprisonment. On appeal, this court affirmed Mueller's convictions but remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005), finding that the enhancement under U.S. Sentencing Guidelines Manual § 2F1.1(b)(1)(H) (2000) for intended loss based upon judicial fact-finding constituted plain error. United States v. Turgeon, No. 04-4168 (lead), 149 F. App'x 144 (4th Cir. 2005). On remand, the district court imposed the same sentence.

The probation officer assigned a guideline range of twenty-four to thirty months of imprisonment based on a total offense level of seventeen and a criminal history category of I. The presentence report ("PSR") indicated $185,223 as the amount of loss attributed to Mueller. This figure included timber and land value for respective fraud victims. As a result of the PSR loss calculation, under USSG § 2F1.1(b)(1)(H), a seven-level adjustment was applied to Mueller's base offense level.

On appeal, Mueller argues that the court erred in its calculation of loss under USSG § 2F1.1(b)(1)(H). He essentially

- 2 -

raises the same argument he did below, i.e., whether the court erred in including the value of the land in its loss determination. This court reviews a district court's factual findings at sentencing for clear error and its legal conclusions, including its interpretation and application of the sentencing guidelines, de novo. <u>United States v. Daughtrey</u>, 874 F.2d 213, 217-18 (4th Cir. 1989). The determination of loss attributable to a fraud scheme is a factual issue for resolution by the district court. <u>United States v. Godwin</u>, 272 F.3d 659, 671 (4th Cir. 2001).

We have reviewed the briefs and material submitted in the joint appendix in light of Mueller's arguments and find no error in the application of the disputed enhancement. Accordingly, we affirm Mueller's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>