**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4234

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JACQUES WALKER,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-03-238-CCB)

---

Submitted:  August 19, 2005          Decided:  September 23, 2005

---

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David W. Lease, SMITH, LEASE & GOLDSTEIN, L.L.C., Rockville, Maryland, for Appellant.  Thomas M. DiBiagio, United States Attorney, Michael J. Leotta, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jacques Walker appeals his total 360-month sentence following a jury trial for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). We affirm his convictions and sentence.

Walker challenges his convictions on several grounds and challenges his sentence under Blakely v. Washington, 542 U.S. 296 (2004). He argues: (1) the district court erred in denying his motion to suppress evidence; (2) insufficiency of the evidence regarding the possession with intent to distribute marijuana count; (3) insufficiency of the evidence regarding the § 924(c) count; (4) the district court erred in giving a flight instruction to the jury when there was no evidence of Walker's flight; (5) the district court improperly gave examples in a jury instruction of how a firearm may be used in furtherance of a drug trafficking crime under § 924(c) when some examples were not supported by the evidence; (6) Congress lacked the constitutional authority to enact the felon in possession statute, § 922(g), under the Commerce Clause; and (7) his sentence violated the Sixth Amendment under Blakely because it was enhanced based on judicial findings of prior convictions and because the guidelines are unconstitutional. After

United States v. Booker, 125 S. Ct. 738 (2005), issued, Walker filed two letters under Fed. R. App. P. 28(j) asserting his sentence was in violation of Booker and later asserting his enhancements for prior convictions were in violation of United States v. Shepard, 125 S. Ct. 1254 (2005), and United States v. Washington, 404 F.3d 834 (4th Cir. 2005). The Government rejects Walker's challenges to his convictions and sentence. Regarding Walker's Blakely and Booker arguments, the Government argues the district court did not plainly err in sentencing Walker because the only judicial enhancements were based upon prior convictions.

We reject Walker's challenges to his convictions. First, in looking at the totality of the circumstances, Illinois v. Gates, 462 U.S. 213, 230-32 (1983), we find the arresting officers had probable cause to believe Walker had just committed a crime. Cf. United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir. 1995) (ruling that police surveillance will support a finding of probable cause where officers observe conduct that is consistent with a drug transaction). Therefore, the evidence seized in a search of Walker incident to his arrest and Walker's spontaneous, voluntary statement regarding a firearm he possessed were admissible under the Fourth Amendment.

Next, taking the evidence in the light most favorable to the Government, we find substantial evidence supported the jury verdicts both on the possession of marijuana with intent to

- 3 -

distribute and on the possession of firearm in furtherance of a drug trafficking crime counts. See Glasser v. United States, 315 U.S. 60, 80 (1942) (stating standard of review). With regard to the intent to distribute element of a § 841(a) violation, we note evidence revealed officers witnessed Walker engaging in acts consistent with a street-level drug transaction immediately prior to Walker's arrest. Regarding the § 924(c) conviction, we find there was significant evidence, substantially more than mere presence of the firearm at the scene, to support the jury's verdict that Walker possessed a firearm in furtherance of a drug trafficking crime. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).

Further, we find that the district court properly gave a flight instruction to the jury because there was evidence of Walker's attempt to elude police once he believed police were present. Cf. United States v. Obi, 239 F.3d 662, 665 (4th Cir. 2001) (recognizing that consciousness of guilt may be inferred from evidence of flight).

We further find the district court's jury instruction regarding the § 924(c) count, which in part listed examples of how a firearm might be used in furtherance of a drug trafficking crime, was proper. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).

- 4 -

We also reject Walker's challenge to his felon in possession conviction on the ground that Congress lacked the authority to enact the statute under the Commerce Clause.  It is well-established that the statute, which expressly requires an interstate commerce nexus, is a valid congressional enactment under the Commerce Clause.  United States v. Quarles, 330 F.3d 650, 651 n.2 (4th Cir.), cert. denied, 540 U.S. 977 (2003); United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001); United States v. Nathan, 202 F.3d 230, 234 (4th Cir. 2000).

Finally, we review Walker's challenges to his sentence. Because the issues under Blakely and Booker are raised for the first time on appeal, review is for plain error.  See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  We find no Sixth Amendment error in Walker's sentencing.  Walker's sentence was enhanced under the career offender guidelines, USSG § 4B1.1, based solely upon his prior convictions.  In both Blakely and Booker, the Supreme Court reaffirmed its holding in Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998), that the fact of a prior conviction need not be proven to a jury beyond a reasonable doubt.  Booker, 125 S. Ct. at 756; Blakely, 542 U.S. at ___, 124 S. Ct. at 2536.  Walker does not dispute the fact of his prior convictions.  We conclude the predicates for designating Walker as a career offender were satisfied because he has two prior convictions that on their face qualify as "controlled substance

offenses" under USSG § 4B1.1.  <u>See</u> USSG § 4B1.2 (defining predicate offenses).

Next, we turn to whether the district court's mandatory application of the guidelines constituted plain error.  We find Walker has not established that the error in treating the guidelines as mandatory affected his substantial rights.  <u>See</u> <u>United States v. White</u>, 405 F.3d 208, 215-25 (4th Cir. 2005).  For these reasons, we affirm Walker's convictions and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 6 -