Vacated by Supreme Court, March 7, 2005

<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4838**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID MAURICE FULKS, a/k/a David Maurice
Wellington,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, District
Judge.  (CR-02-292)

Submitted:  August 30, 2004      Decided:  October 14, 2004

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury,
Jr., Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney, Michael
A. DeFranco, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

David Maurice Fulks, a/k/a David Maurice Wellington, appeals his judgment and sentence for two counts of possessing a firearm and one count of possessing ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court sentenced Fulks to concurrent terms of fifty-eight months in prison followed by three years of supervised release. Fulks challenges the district court's decision to enhance his sentence pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2002) on the grounds that the offense involved between three and seven firearms. Although not contesting he possessed two firearms in connection with the offense, he argues the Government failed to introduce sufficient evidence to establish that he possessed a third firearm found in a desk at his workplace. Finding no error, we affirm.

The district court's factual findings are reviewed for clear error. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998). Possession does not have to be actual or exclusive; constructive or joint possession is sufficient. United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001). Constructive possession exists when the defendant exercised, or had the power to exercise, dominion and control over the item. United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997) (quotations omitted).

Fulks notes there was no physical evidence connecting him with the revolver and that a number of other employees had access to the desk in which the firearm was found. However, the gun was found in a desk bearing a business card holder with his business cards, and it was resting on a letter bearing his signature. Moreover, it was seized just after Fulks left the premises and was found with a speed loader that fit into the weapon. Therefore, the district court did not clearly err in finding Fulks possessed a total of three firearms and in applying the two-level enhancement pursuant to USSG § 2K2.1(b)(1)(A).

Accordingly, we affirm Fulks's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>