**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 03-4838**

—————————

UNITED STATES OF AMERICA,

                               Plaintiff - Appellee,

     versus

DAVID MAURICE FULKS, a/k/a David Maurice
Wellington,

                               Defendant - Appellant.

—————————

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8357)

—————————

Submitted: November 4, 2005      Decided: January 6, 2006

—————————

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Maurice Fulks, a/k/a David Maurice Wellington, was convicted by a jury of two counts of possessing a firearm and one count of possessing ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court sentenced Fulks to concurrent terms of fifty-eight months in prison followed by three years of supervised release. On appeal, Fulks asserted the district court clearly erred by imposing a two-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (2002), because he contended the evidence was insufficient for the court to find he possessed a third firearm in connection with the offense. We determined the district court did not clearly err and affirmed. United States v. Fulks, No. 03-4838 (4th Cir. Oct. 14, 2004) (unpublished). The Supreme Court subsequently granted Fulks's petition for certiorari, vacated this court's judgment, and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

Fulks's sentence was imposed before the decisions of Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by him or found by the jury beyond a reasonable doubt.

- 2 -

Therefore, we review his sentence for plain error.  United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005).

Over Fulks's objection, the district court applied a two-level enhancement based on the court's determination he possessed a third firearm in connection with the offense in addition to the two firearms he was convicted of possessing.  Based only on the facts determined by the jury, Fulks's offense level would have been twenty.  Because he was in criminal history category III, his guideline range would have been forty-one to fifty-one months.  The fifty-eight month sentence imposed by the district court under a mandatory guideline regime was therefore longer than the sentence the district court could have imposed without violating the Sixth Amendment.  We therefore conclude plain error occurred in Fulks's sentencing under Hughes.[*]

Accordingly, we vacate Fulks's sentence and remand for resentencing.  Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  Booker, 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under

_____

[*]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Fulks's sentencing. Hughes, 401 F.3d at 545 n.4.  See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

the guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. <u>Id.</u> If that sentence falls outside the guideline range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u>

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>