**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-5014**

———————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JAMES BOYD SOUTHERN,

                              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.  David A. Faber, Chief
District Judge.  (CR-04-157)

———————————

Submitted:  February 22, 2006        Decided:  August 11, 2006

———————————

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Megan J. Schueler, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  Charles T.
Miller, Acting United States Attorney, Joshua C. Hanks, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Boyd Southern appeals his convictions after a trial for two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2000), and two counts of knowingly possessing stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2000). Southern contends the evidence was insufficient to show he had knowledge the firearms were stolen. He further contends Congress cannot criminalize the possession of firearms where the only evidence of interstate commence is that the weapons once moved across state lines. He further contends his ninety-seven month sentence is unreasonable. Finding no error, we affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient

to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

In evaluating the sufficiency of the evidence, we do not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to believe. Id. Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context." Burgos, 94 F.3d at 863 (citations omitted). "The focus of appellate review, therefore, . . . is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." Id.

We find there was substantial evidence to support the finding that Southern had knowledge the firearms were stolen. In addition, there is no merit to Southern's challenge to the interstate nexus requirement. United States v. Gallimore, 247 F.3d 134, 137-38 (4th Cir. 2001). We also find Southern's sentence reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED