**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4715**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SIR MARQUIS BATTLE,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:07-cr-00236-MR-1)

Submitted:  March 12, 2009         Decided:  April 1, 2009

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Raquel K. Wilson, Matthew R. Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Cortney Escaravage, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sir Marquis Battle appeals his conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) (2006). Battle argues § 922(g)(1) is unconstitutional under the Commerce Clause in light of United States v. Lopez, 514 U.S. 549 (1995) (invalidating 18 U.S.C. § 922(q)(1)(A) (1994)), and Jones v. United States, 529 U.S. 848 (2000) (reversing conviction under federal arson statute because private residence was not used in interstate commerce). Finding that Battle's claim is foreclosed by Circuit precedent, we affirm his conviction.

This court has previously considered and rejected a challenge to the constitutionality of § 922(g)(1) based upon Lopez, in United States v. Wells, 98 F.3d 808, 810-11 (4th Cir. 1996). We have further held that Jones does not affect our decisions regarding the constitutionality of § 922(g). United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001). Accordingly, any argument that § 922(g)(1) is unconstitutional must fail. See also United States v. Nathan, 202 F.3d 230, 234 (4th Cir. 2000) (upholding § 922(g)(1)); United States v. Bostic, 168 F.3d 718, 723 (4th Cir. 1999) (upholding § 922(g)(8) and stating that "jurisdictional element applies to all nine subsections included in Section 922(g)").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED