**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4374**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

LAVELLE ROE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:09-cr-00218-REP-1)

Submitted: March 17, 2011          Decided: April 7, 2011

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Mary E. Maguire, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavelle Roe appeals from his conviction for possession of a firearm by a convicted felon and his resulting ninety-two month sentence. On appeal, he challenges the sufficiency of the evidence and the reasonableness of his sentence. We affirm.

I.

First, Roe challenges the sufficiency of the evidence supporting his conviction. Specifically, Roe contends that no witness ever saw him in possession of the firearm. He also asserts that his DNA, which was found on the gun, could have been placed on the gun by an incidental secondary transfer.

We review de novo a district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence bears a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). A jury verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted).

2

"The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

To establish a violation of 18 U.S.C. § 922(g)(1) (2006), the Government must prove that: (1) Roe was a convicted felon; (2) he knowingly possessed a firearm; and (3) the firearm traveled in interstate commerce. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Roe stipulated that he had previously been convicted of a felony and that the firearm traveled in interstate commerce. Thus, the Government had only to prove Roe's knowing possession. To prove possession under § 922(g)(1), the Government need not show "actual or exclusive possession; constructive or joint possession is sufficient. The Government may prove constructive possession by demonstrating that the defendant exercised, or had the power to exercise, dominion and control" over the firearm. Gallimore, 247 F.3d at 136-37 (internal quotation marks and citations omitted).

Here, viewing the evidence in the light most favorable to the Government, we find that there was sufficient evidence from which the jury could conclude beyond a reasonable doubt

3

that Roe constructively possessed the firearm. Deltasha Taylor, Roe's girlfriend, testified that the guns were Roe's and that he acknowledged his possession by agreeing to remove them from her home and by requesting permission to store them in the basement. Roe also told Taylor, after the seizure of the guns from a vehicle in which he was a passenger, that the police took them, supporting an inference that the guns in the car and the house were one and the same. Moreover, the firearm with which Roe was charged was found in the glove compartment of the car in which he was seated in the front passenger seat. Even more incriminating, the firearm had Roe's DNA on it. The evidence presented by the Government was more than sufficient for the jury to conclude beyond a reasonable doubt that Roe had dominion and control over the firearm.

## II.

Roe claims that the district court misunderstood its authority to grant a variance and incorrectly believed that it was constrained from granting a variance on the grounds of lack of youthful guidance. However, the record, read in its entirety, reveals that the district court understood its authority to impose a variance sentence, but declined to do so. The court heard from both Roe and the Government on this issue, noted the advisory nature of the Sentencing Guidelines, made

4

certain comments regarding its opinions on the Guidelines' departure rules, and explicitly recognized that departures and variances are treated differently. The district court concluded that the arguments proffered by Roe at sentencing were not sufficient to diverge from the Guidelines range. We find that the district court's decision was proper. See United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006) (variance must be supported by the facts of the particular case).

## III.

Roe next claims that the district court's explanation for the chosen sentence was insufficient. In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference 18 U.S.C. § 3553(a) (2006), or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). But, at the same time, the district court "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). Moreover, the district court must state the individualized reasons that justify a sentence, even when sentencing a defendant within the

5

Guidelines range.  Rita v. United States, 551 U.S. 338, 356-57 (2007).  The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation."  United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

Here, the district court stated that it would not vary the sentence on the grounds proffered by Roe, concluded that a Guidelines sentence was "sufficient but not greater than necessary," and delineated the § 3553 factors that applied to Roe's case.  While the court did not give explicit reasons as to why it was declining to vary Roe's sentence or how specifically the § 3553 factors applied in Roe's case, the court's reasoning, along with the court's earlier statements regarding Roe's criminal history and the relatively small variance Roe was seeking, was sufficient.  Importantly, the court explicitly concluded that a Guidelines sentence satisfied the statutory sentencing factors.  We conclude that there was no error in the district court's explanation of Roe's within-Guidelines sentence.

IV.

Finally, Roe asserts that the district court plainly erred in calculating his criminal history category by giving him a point for a crime he committed as a minor when the sentence for that crime was imposed more than five years before the commencement of the instant offense. See U.S. Sentencing Guidelines Manual § 4A1.2(d)(2)(B) (2009). The Government does not dispute that an error was committed but contends that the removal of one criminal history point would not have altered Roe's criminal history score. In response, Roe agrees that his score would not have been altered but argues that the removal of the one point, together with the application of Amendment 742 to an unrelated Guidelines section,[1] would have placed Roe in a lower Criminal History Category.

However, in his reply brief, Roe admits that he is raising "this issue now so that he can raise it before the district court when this case goes back for resentencing." Presumably admitting that he would not otherwise be entitled to relief under this provision,[2] Roe states that the "Court need not

---

[1] See USSG § 4A1.1 (amended on November 2010 to remove "recency" point for commission of the instant offense less than two years after release from imprisonment). This section was amended after Roe was sentenced.

[2] See USSG § 1B1.10(c) (Amendment 742 not listed as retroactively applicable).

rule on this issue now, but Mr. Roe requests that when the Court remands this case, it instruct the district court to consider the issue." Given the fact that none of his other claims entitle him to relief, Roe has waived consideration of this claim.

Based on the foregoing, we affirm Roe's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED