**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4694**

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

          v.

STEPHEN BRADFORD NICHOLS,

                   Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.   Terrence W. Boyle,
District Judge.  (4:11-cr-00092-BO-1)

Submitted:  May 31, 2013              Decided:   June 18, 2013

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington,
Kentucky, for Appellant.   Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Stephen Bradford Nichols of possession of stolen firearms and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(j), 924(a)(2) (2006) (Count One), and possession of firearms by a convicted felon and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(g)(1), 924 (2006) (Count Two). He received a within-Guidelines sentence of 100 months' imprisonment. On appeal, Nichols raises three claims: (1) the district court erroneously admitted evidence of uncharged burglaries; (2) there was insufficient evidence to support his convictions; and (3) the district court improperly used relevant conduct to determine his criminal history category. Finding no reversible error, we affirm.

I.

Nichols first argues that the district court erred in admitting evidence of two uncharged burglaries and that the jury heard inadmissible evidence of a third uncharged burglary, in violation of his constitutional rights to due process and a fair trial. This court reviews the admission of evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005). An abuse of discretion "occurs only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks omitted).

2

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show" that his action on a particular occasion conformed to that character. Fed. R. Evid. 404(b)(1). Such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Rule 404(b) only applies to acts extrinsic to the crime charged. "[W]here testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible." United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). "[A]cts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. (internal quotation marks and citation omitted). In addition, evidence of other crimes or "uncharged conduct is not considered 'other crimes'" for Rule 404(b) purposes "if it arose out of the same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (internal quotation marks, alterations, and citation omitted).

3

"To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). "Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks omitted).

"Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] 403 . . . ," Siegel, 536 F.3d at 319, such that its probative value is not substantially outweighed by its prejudicial value. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). Rule 403 requires exclusion of evidence only where the trial judge perceives "a genuine risk that the emotions of the jury will be excited to irrational behavior" disproportionate to the value of the proffered evidence. United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003) (internal quotation marks omitted).

Nichols contends that the probative value of the evidence as to two October 29, 2010 burglaries (the "Jones

4

burglary" and "Gauli burglary") was substantially outweighed by the danger of unfair prejudice. Nichols further argues that he was being tried for possession of the firearms stolen on October 18, from the Bennett residence as those were the only guns admitted and properly identified. The remainder of the testimony, including the testimony regarding the burglary at the Sawyer residence ("Sawyer burglary"), Nichols argues, related to burglaries for which he was not charged.

After review of the record, we conclude that the district court did not abuse its discretion in allowing testimony regarding the Sawyer and Jones burglaries.[1] With respect to the Sawyer burglary, the indictment charged Nichols with possession of firearms stolen from the Sawyer residence. Hence, like the testimony of the Bennetts, Sawyer's testimony was "admitted as to acts intrinsic to the crime charged," Chin, 83 F.3d at 88, and for this reason Rule 404(b) was not implicated.[2]

---

[1] Anthony Sawyer testified, without objection, to the breaking and entering at his residence. As such, the district court's admission of Sawyer's testimony is reviewed for plain error. Chin, 83 F.3d at 87 ("Where a party . . . fails to object to the admission of evidence, . . . [this Court] review[s] the admission for plain error.") (citations omitted).

[2] The fact that the district court later dismissed the charges against Nichols based on the firearms stolen from the Sawyer residence does not alter this conclusion.

5

With respect to the Jones burglary, we conclude that testimony regarding the breaking and entering of Jones' home, to which Nichols had pled guilty, was relevant to Nichols' and his accomplice's common scheme or plan to burglarize homes and pawn or sell the firearms for cash. Furthermore, evidence of the Jones burglary established Nichols' plan to profit from stolen firearms and that evidence directly rebutted his testimony that he participated in the sale of stolen firearms unknowingly. We therefore conclude the evidence was properly admitted under Rule 404(b), and that the probative value of the evidence outweighed any prejudicial effect, particularly in light of the court's limiting instruction to the jury.

To the extent Nichols challenges the admission of testimony with respect to the Gauli burglary, the district court granted Nichols' motion to exclude Larry Gauli's testimony concerning the breaking and entering on Rule 403 and 404 grounds. The court only allowed testimony regarding Nichols' residence at the Gauli home. Because Gauli was not permitted to testify regarding the breaking and entering, we conclude Rule 404(b) is not implicated.

II.

Next, Nichols challenges the sufficiency of the evidence to support his convictions. Specifically, Nichols argues on appeal that the Government failed to show that he

6

possessed the firearms, i.e., that he exercised, or had the power to exercise, dominion and control over the firearms. Nichols' mere presence at a place where the guns were located, he argues, was insufficient to establish constructive possession.

Nichols moved for a Fed. R. Crim. P. 29 motion for judgment of acquittal at the close of the Government's evidence. The district court denied the motion, except as to six of the firearms listed in the indictment. This Court reviews de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). This Court reviews the sufficiency of the evidence supporting a conviction by determining whether, in the light most favorable to the Government, there is substantial evidence in the record to support the conviction. Id. "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Reversal on grounds of insufficient evidence is appropriate only in cases in which the Government's failure to present substantial evidence is clear. Id. This Court also assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

7

To convict Nichols for possessing stolen firearms, in violation of 18 U.S.C. § 922(j), and possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g), the Government did not need to produce evidence of actual possession. United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006); United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001). Instead, evidence of constructive possession is sufficient. Moye, 454 F.3d at 395. The Government may prove constructive possession by demonstrating that the defendant "exercised, or had the power to exercise, dominion and control over the item." Gallimore, 247 F.3d at 137 (internal quotation marks omitted).[3] With this standard in mind, we have reviewed the evidence and conclude that there was sufficient evidence to support Nichols' convictions.

### III.

Last, Nichols maintains the district court incorrectly used the Jones burglary, properly deemed relevant conduct, to determine his criminal history category.[4] Prior sentences may be

_____

[3] Nichols does not challenge his status as a convicted felon. Moreover, he does not challenge the Government's evidence at trial concerning the firearms' nexus to interstate commerce.

[4] The Government appropriately concedes that, while Nichols' objection at sentencing on this ground was not clear, he properly preserved the issue for appeal.

used to determine the defendant's criminal history category. See U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1 (2011). However, § 4A1.1 excludes convictions for conduct that qualifies as "relevant conduct" to the instant offense. See USSG § 4A1.2 cmt. n.1. Relevant conduct is conduct that was part of the same course of conduct or a common scheme or plan as the offense of conviction, and it may be used to increase the defendant's base offense level. See USSG § 1B1.3(a).

The probation officer assessed three points in computing Nichols' criminal history category for Nichols' burglary of the Jones' residence on October 29, 2010, and the resulting five-year state sentence. Nichols argues that, assuming this court finds that the district court properly admitted testimony regarding this burglary at trial, the Jones burglary should have been deemed relevant conduct as it arises under a "common scheme or plan" as the subject offenses.

Here, the district court did not use the Jones burglary as relevant conduct in fashioning Nichols' sentence as only one base offense level was specified, there were no related specific offense characteristics, no cross references in Chapter Two, and no related adjustments in Chapter Three. See USSG § 1B1.3(a). Because Nichols' sentence for the Jones burglary was appropriately considered in his computation of criminal

history points and not as relevant conduct, the district court did not err in determining Nichols' criminal history category.

Accordingly, we affirm Nichols' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

10